Martin, J.
delivered the opinion of the court. The petition states, that the plaintiff being in the open and peaceable possession of a certain tract of land, which he had lately bought, the defendant Fristoe, sheriff of the parish, forcibly and unlawfully entered thereon, by the directions of the defendant Armstrong, and levied, on a part thereof, on execution, issued on a judgment obtained by said Armstrong against L. Martin, the plaintiff's vendor. The petition concluded with a prayer for an injunction and damages.
The defendants pleaded the general issue, and especially denied the alleged purchase of the land, and that the plaintiff sustained any damages.
*297 The plaintiff had judgment for six and a quarter cents and costs. The defendants appealed.
The plaintiff’s counsel urges the appeal ought to be dismissed, because he claimed only $290 for his damages. We think, with the opposite counsel, that the matter in dispute was so much of the land as was levied upon to satisfy the judgment against Martin, which appears to be for $577 87½.
The judgment and execution in Armstrong’s suit, and the deed of Martin to the plaintiff make part of the statement of facts. There is also the deposition of Baldwin.
This witness swears the plaintiff told him, in November, 1821, the plantation on which he (the plaintiff) resided, was his father’s; that he had purchased, and was improving it for him, as his agent—that he had no property except a negro woman in New-Orleans, for whom he gave an order to the witness, to whom he was indebted, but the witness could not obtain her.
The deed of sale is prior to the judgment. Martin expressly bargains, sells and delivers the land to the plaintiff, and warrants the title. The plaintiff promises to pay $12,000 for it *298 in five years—paying yearly $500 for the interest. In case of failure in the punctual payment of the price, the land is to revert to the vendor.
The plaintiff has proven his title and possession by the deed, which expressly states a delivery, and the entry by the return on the execution—nominal damages are due for any, the least, wrongful entry. He has therefore made out his case.
The defendants urge, that the deed is one of lease, not of sale; that the $500 are a yearly rent, and the sale, if any, was not a serious one, for the plaintiff did not bind himself effectually to pay the price—as, by his failing to pay, the land was to revert, and, consequently, the sale was to be avoided, and he discharged from any obligation to pay the price—that Baldwin’s testimony shows the plaintiff was not the owner of the land—that the conveyance was a fraudulent one, the object of the parties being only to protect the land from the effect of the judgment, which Armstrong was about to obtain against Martin.
The deed has been correctly considered as one of sale.—Martin bargains, sells and delivers a tract of land, and the plaintiff *299 promises to pay $12,000, as the consideration of the sale.
Nothing shows the contract to be one of lease. The $500 stipulated, in yearly payments, are expressly said to be the interest of the deferred price.
The clause providing that the land would revert, if the price was not punctually paid, does not vitiate the contract. Indeed it is almost of the nature of the contract of sale. Civ. Code, 361, art. 86.—There is nothing illegal in it, and the law has made express provision for its execution.—Id. art. 88.
We cannot assent to the proposition of the defendants’ counsel, who urges that it avoids the contract, relying on the provision of the law, that “every obligation is null, that has been contracted under a potestative condition, on the part of him who binds himself.”—Civil Code, 272, art. 74.
This clause cannot be considered as containing one of the conditions, under which the vendee’s obligation arises. It is a resolutory one only.—13 Pand. Franc. 20. It cannot avail him, for he could not invoke it without availing himself of his own wrong—Pothier Vente, ff. de lege Contr. 2 & 3—and he never *300 would fail to do so, if the thing sold happened to perish before the price became payable.
Johnson and Scott for the plaintiff, Thomas for the defendants.
Baldwin’s testimony cannot destroy the written evidence of the plaintiff’s title, resulting from the deed.
Fraud is not alleged, and cannot be implied from the circumstance, that the sale had the effect of removing the land from the reach of a creditor, who was on the eve of obtaining judgment—the law has declared, when a creditor shall have a lien on his debtor's land, and the courts cannot anticipate the provision of the law. There is no evidence that the plaintiff knew his vendor owed any thing.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.